CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
SUFFOLK COUNTY CIVIL
Docket Report

**2284CV00119 Connell Limited Partnership vs. Associated Indemnity Corporation And The American Insurance Company**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Business Litigation | **FILE DATE:** | 01/19/2022 |
| **ACTION CODE:** | BD3 | **CASE TRACK:** | B - Special Track (BLS) |
| **DESCRIPTION:** | Restrictive Covenants | | |
| **CASE DISPOSITION DATE:** | 05/03/2022 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 05/03/2022 |
| **CASE JUDGE:** | | **CASE SESSION:** | Business Litigation 1 |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Connell Limited Partnership | **Attorney**     651335<br>Christopher Michael Morrison<br>Jones Day<br>Jones Day<br>100 High St Suite 2100<br>Boston, MA 02110<br>Work Phone (671) 449-6895<br>Added Date: 01/19/2022 |
| **Defendant**<br>Associated Indemnity Corporation And The American Insurance Company | **Attorney**     666039<br>Keith P Carroll<br>Mintz Levin Cohn Ferris Glovsky And Popeo PC<br>Mintz Levin Cohn Ferris Glovsky And Popeo PC<br>One Financial Center<br>Boston, MA 02111<br>Work Phone (617) 348-4425<br>Added Date: 04/28/2022<br><br>**Attorney**     703560<br>Sean B Kennedy<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C<br>Added Date: 04/28/2022 |

CR 7R2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | | |
|---|---|---|---|---|
| **Date** | **Ref** | **Description** | | **Judge** |
| 01/19/2022 | 1 | Complaint electronically filed. | | |
| 01/19/2022 | 2 | Civil action cover sheet filed. | | |
| 01/26/2022 | | Notice of 93A complaint sent to Attorney General | | |
| 01/31/2022 | 3 | General correspondence regarding NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION "BLS1" This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to BLS1. Dated: January 20, 2022  Notice sent 1/27/22 | | Salinger |
| 04/07/2022 | 4 | Service Returned for the American Insurance Company | | |
| 04/07/2022 | 5 | Service Returned for Associated Indemnity Corporation | | |
| 04/15/2022 | 6 | Party(s) file Stipulation of the parties  Applies To : Connell Limited Partnership (Plaintiff); Associated Indemnity Corporation And The American Insurance Company (Defendant) | | |
| 04/28/2022 | | Attorney appearance On this date Keith P Carroll, Esq. added for Defendant Associated Indemnity Corporation And The American Insurance Company | | |
| 04/28/2022 | | Attorney appearance On this date Sean B Kennedy, Esq. added for Defendant Associated Indemnity Corporation And The American Insurance Company | | |
| 04/28/2022 | 7 | Notice of Removal to the United States District Court filed by  Defendant (US Dist # 22-cv-10639)  Applies To : Connell Limited Partnership (Plaintiff) | | |
| 05/03/2022 | | REMOVED to the U.S. District Court of Massachusetts | | |
| 05/03/2022 | | Case transferred to another court. | | |

I HEREBY ATTEST AND CERTIFY ON

May 3, 2022 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

*1*

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                     SUPERIOR COURT

| | |
|---|---|
| CONNELL LIMITED PARTNERSHIP<br>Plaintiff<br><br>v.<br><br>ASSOCIATED INDEMNITY<br>CORPORATION and THE AMERICAN<br>INSURANCE COMPANY<br>Defendants | CIVIL ACTION NO. *22 - 0119-BLS1*<br><br><br>**1/20/2022** |

### <u>COMPLAINT</u>

Now comes Plaintiff, CONNELL LIMITED PARTNERSHIP ("Connell" or "Plaintiff"), as and for its Complaint against Defendant(s), ASSOCIATED INDEMNITY CORPORATION Y ("Associated Indemnity") and THE AMERICAN INSURANCE COMPANY ("American Insurance"), states as follows:

1.     This is an insurance coverage action based upon comprehensive general liability insurance policies purchased from Associated Indemnity and American Insurance by Danly Machine Corporation ("Danly Machine"), which provide coverage for all of Danly Machine's liabilities unless such liabilities are expressly and unambiguously excluded by the insurance policies.

2.     Beginning in the early 2000's, Danly Machine, Connell and/or the Danly Machine Division of Connell have been named as a defendant in numerous lawsuits throughout the country (the "Underlying Actions").

3.     Plaintiffs in the Underlying Actions have alleged bodily injury resulting from exposure to asbestos allegedly manufactured, distributed or supplied by Danly Machine.

4.     For nearly twenty years since 2001, Associated Indemnity and American Insurance Company were defending and indemnifying Connell under the applicable insurance policies with respect to the Underlying Actions.

5.     Throughout that time, Associated Indemnity and American Insurance Company repeatedly affirmed that the Underlying Actions were covered by eight separate insurance policy periods, and that the limits of liability of the applicable insurance policies have not been reached.

6.     In October 2020, Associated Indemnity and American Insurance suddenly changed their position and asserted for the first time that the limits of liability of the applicable insurance policies had been exhausted.

7.     Despite numerous demands from Connell to reconsider their erroneous position regarding exhaustion of the total limits of liability in the applicable insurance companies, Associated Indemnity and American Insurance have refused to fully defend and indemnify Connell under the applicable insurance policies with respect to the Underlying Actions going forward.

8.     Associated Indemnity and American Insurance are placing their own financial interests above their contractual obligations and the interests of Connell/Danly Machine in breach of the applicable insurance policies and the statutory and common law of Massachusetts.

-2-

9.     Connell brings this action seeking a declaration that Associated Indemnity and American Insurance owe Connell defense and indemnity obligations with respect to the Underlying Actions and seeking damages as a result of Associated Indemnity and American Insurance's refusal to defend and indemnify Connell fully with respect to the Underlying Actions.

## THE PARTIES

10.     Plaintiff Connell Limited Partnership is a limited partnership created and existing under the laws of Delaware, with a principal place of business in Boston, Massachusetts.

11.     Upon information and belief, Associated Indemnity is organized under the laws of California, and has a principal place of business in Illinois.  Associated Indemnity is licensed to do business in Massachusetts.

12.     Upon information and belief, American Insurance is organized under the laws of Ohio, and has a principal place of business in Illinois. American Insurance is licensed to do business in Massachusetts.

## FACTS

13.     Associated Indemnity sold comprehensive general liability insurance policies to Danly Machine as follows: (1) policy number LP 2080872 with a policy period of July 1, 1973 to July 1, 1975; and (2) policy number LP 2080916 with a policy period of July 1, 1975 to July 1, 1978  (the "Associated Indemnity Insurance Policies").

-3-

14.     American Insurance sold a comprehensive general liability policy to Danly

Machine as follows: policy number LA 2514110 with a policy period of July 1, 1978 to

July 1, 1981 (the "American Insurance Policy") (the Associated Indemnity Insurance

Policies and the American Insurance Policy are collectively referred to as the "Insurance

Policies").  Among other things, the American Insurance Policy contains an endorsement

which states as follows: "The policy period stated in the declarations [July 1, 1978 to July

1, 1981] is comprised of three consecutive annual periods."  The American Insurance

Policy contains a 1st Anniversary Endorsement effective July 1, 1979 and a 2nd

Anniversary Endorsement effective July 1, 1980 with both occurrence and aggregate

limits of liability of $1 million for bodily injury for each year.  Moreover, American

Insurance issued at least two binders – one for July 1, 1978 to July 1, 1979 and one for

July 1, 1980 to July 1981 -- with both occurrence and aggregate limits of liability of $1

million for bodily injury for each of those years (Exhibit A and B hereto).

15.     Ogden Corporation purchased all of the stock of Danly Machine

Corporation on July 17, 1981.  Danly Machine Corporation was a wholly owned

subsidiary of Ogden until August 29, 1985.  On August 29, 1985, Danly Machine

Corporation was merged into Avondale Industries, Inc.  On September 27, 1985, Ogden

sold all of the common stock of Avondale to the Employee Stock Ownership Plan of

Avondale.  On March 27, 1987, Connell Limited Partnership purchased all of the assets

and assumed all of the liabilities of Danly Machine under the Asset Purchase Agreement

with Avondale, including, without limitation, all rights under the Danly Machine

Corporation, Ogden and Avondale insurance policies insuring Danly Machine.

16.     The Insurance Policies provide coverage for the types of liabilities alleged against Connell and/or Danly Machine in the Underlying Actions.

17.     Connell and/or Danly Machine timely notified Associated Indemnity and American Insurance of the Underlying Actions as the Underlying Actions were brought against Connell and/or Danly Machine over the past twenty years.

18.     In a letter dated September 4, 2001, Fireman's Fund Insurance Company/Allianz, on behalf of Associated Indemnity and American Insurance (collectively "Fireman's Fund/Allianz"), agreed to fully defend Connell/Danly Machine and withdrew a prior reservation of rights with respect to insurance coverage for the Underlying Actions under the Insurance Policies (Exhibit C hereto).

19.     In a letter dated March 19, 2010, Fireman's Fund/Allianz wrote to Connell and stated as follows with respect to insurance coverage for certain Underlying Actions and the limits of liability under the Insurance Policies: "Associated Indemnity Corporation and The American Insurance Company have confirmed 8 years of primary coverage issued to Danly Machine Corporation from 07-01-1973 to 07-01-1981.  The confirmed policies have occurrence and aggregate limits of $1 million for bodily injury. Limits apply annually." (emphasis added).  In a letter dated November 1, 2010, Fireman's Fund/Allianz again wrote to Connell and took the identical positon as follows with respect to insurance coverage for certain other Underlying Actions and the limits of liability under the Insurance Policies: "Associated Indemnity Corporation and The American Insurance Company have confirmed 8 years of primary coverage issued to Danly Machine Corporation from 07-01-1973 to 07-01-1981.  The confirmed policies

-5-

have occurrence and aggregate limits of $1 million for bodily injury. <u>Limits apply annually.</u>" (emphasis added).

20.     In an email dated February 3, 2020, Connell inquired of Fireman's Fund/Allianz why there were eight (8) open claim numbers in a Fireman's Fund/Allianz loss run with respect to insurance coverage for the Underlying Actions under the Insurance Policies (Exhibit D hereto).  Among other things, in an email dated February 4, 2020, Fireman's Fund/Allianz responded as follows: "The reason you are seeing it laid out that way is due to the way we account for Asbestos under the policies affected.  We spread the loss throughout all the available coverage which in Danly's [sic] case is eight (8) separate policies.  <u>They are grouped by occurrence (Asbestos exposure)</u> and not individualized."(emphasis added)  (Exhibit D hereto).

21.     Pursuant to their loss run referenced in paragraph 20 above forwarded to Connell in February 2020 and Fireman's Fund/Allianz's February 4, 2020 emails, Associated Indemnity and American Insurance spread their defense and indemnity payments, as well as the payments they received from their reinsurers, over Associated Indemnity and American Insurance's eight (8) separate policy periods with eight (8) separate claim numbers/occurrences regarding Connell/Danly Machine's insurance coverage for the Underlying Actions.  Moreover, based on their loss run, Associated Indemnity and American Insurance sought and received reimbursement from their reinsurers based upon the existence of their eight (8) years of insurance coverage at $1 million per year.

-6-

22.     In an email dated February 6, 2020, Connell also asked Allianz/Fireman's Fund what amounts of insurance coverage remained on each of the eight (8) policy periods for the Underlying Actions (Exhibit D hereto).  In an email dated February 6, 2020, Allianz/Fireman's Fund responded that $856,941 remained for each of the eight (8) separate claim numbers/occurrences over the eight (8) years of insurance policies for a total remaining amount of $6,855,528, where the limit of liability available was $1 million for each of the eight (8) years of insurance coverage -- or $8 million for the total limits of liability of all the Insurance Policies (Exhibit D hereto).

23.     As a result, Fireman's Fund/Allianz, on behalf of Associated Indemnity and American Insurance, previously confirmed on numerous occasions over several years that the occurrence and aggregate limits of liability of $1 million apply annually for eight years and that the limits of liability under the Insurance Policies for the Underlying Actions total $8 million.

24.     Over the past twenty years, Connell/Danly Machine relied to their detriment on these representations by Fireman's Fund/Allianz.

25.     Notwithstanding their prior representations, and while in the midst of participating in settling certain of the Underlying Actions, Fireman's Fund/Allianz asserted for the first time in October 2020 that the occurrence limit of liability applies only once per each of the three Insurance Policies and not annually, and that the total limit of liability for the Underlying Actions is only $3 million, and not $8 million.

-7-

26.     As a result of this sudden change of position, and in order to avoid losing out on a settlement opportunity, Connell had to fund part of these October 2020 settlements with its own funds.

27.     Based on the language of the Insurance Policies and two decades of the course of business between the parties, the limits of liability in the Insurance Policies are not exhausted with respect to the Underlying Actions.  Moreover, as a result of their prior representations, Associated Indemnity and American Insurance are estopped from asserting and/or have waived their recent position that the limits of liability in the Insurance Policies are exhausted with respect to the Underlying Actions.

28.     As a result, Connell seeks to recover any and all damages from Associated Indemnity and American Insurance with respect to their continuing obligations to defend and indemnify Connell for the Underlying Actions.

29.     Associated Indemnity and American Insurance have refused, and continue in their refusal, to defend and to indemnify Connell and/or Danly Machine with respect to the Underlying Actions.

30.     Connell is presently defending, or successfully has defended, itself in the Underlying Actions.

31.     Danly Machine and Connell have fully complied with all conditions of the Insurance Policies.

## FIRST CAUSE OF ACTION
### Declaratory Judgment on Duty to Defend

32.     Connell repeats and realleges the allegations set forth in paragraphs 1 to 31 as if fully set forth herein.

33.     Under the Insurance Policies, Associated Indemnity and American Insurance are obligated to defend Connell and/or Danly Machine for all liability arising from the claims asserted against Connell and/or Danly Machine in the Underlying Actions.

34.     Despite their obligations, which they previously acknowledged, under their Insurance Policies, Associated Indemnity and American Insurance have failed, and refuse to accept their obligations to continue paying their share, to defend Connell and Danly Machine for the Underlying Actions.

35.     By reason thereof, an actual and justiciable controversy presently exists between Associated Indemnity and American Insurance, on the one hand, and Connell, on the other, as to whether Associated Indemnity and American Insurance are obligated under the Insurance Policies to continue defending Connell and/or Danly Machine in the Underlying Actions.

36.     Accordingly, pursuant to Mass. Gen. L. c. 231A, § 1 et seq., Connell seeks a declaration as follows: the Insurance Policies consist of eight consecutive annual policy periods; the limit of liability for each annual policy period is $1 million, limits of liability under all the Insurance Policies total $8 million; and Associated Indemnity and American

-9-

Insurance are obligated under the Insurance Policies to continue defending Connell and/or Danly Machine in the Underlying Actions.

## SECOND CAUSE OF ACTION
### Declaratory Judgment on Duty to Indemnify

37.     Connell repeats and realleges the allegations set forth in paragraphs 1 to 36 as if fully set forth herein.

38.     Under the Insurance Policies, Associated Indemnity and American Insurance are obligated to indemnify Connell and Danly Machine for all liability arising from the claims asserted against Connell and Danly Machine in the Underlying Actions.

39.     Despite their obligations under the Insurance Policies, Associated Indemnity and American Insurance have failed, and refuse to accept their obligations to continue paying their share, to indemnify Connell and Danly Machine for the Underlying Actions.

40.     By reason thereof, an actual and justiciable controversy presently exists between Associated Indemnity and American Insurance, on the one hand, and Connell, on the other, as to whether Associated Indemnity and American Insurance Home are obligated under the Insurance Policies to continue paying their share on Connell's behalf for all of Connell's and/or Danly Machine's liability in the Underlying Actions.

41.     Accordingly, pursuant to Mass. Gen. L. c. 231A, § 1 et seq., Connell seeks a declaration as follows: the Insurance Policies consist of eight consecutive annual policy periods; the limit of liability for each annual policy period is $1 million, the limits of

-10-

liability under all the Insurance Policies total $8 million; and Associated Indemnity and American Insurance are obligated under the Insurance Policies to continue indemnifying Connell and/or Danly Machine in the Underlying Actions.

## THIRD CAUSE OF ACTION
### Damages: Breach of the Insurance Policy

42.     Connell repeats and realleges the allegations contained in paragraphs 1 to 41 as if fully set forth herein.

43.     Under the Insurance Policies, Associated Indemnity and American Insurance are obligated to defend and to indemnify Connell and Danly Machine with respect to the Underlying Actions.

44.     In breach of their obligations under the Insurance Policies, Associated Indemnity and American Insurance have erroneously taken the position that the limits of liability under the Insurance Policies are exhausted and have refused to continue paying their share for defending and indemnifying Connell and Danly Machine with respect to the Underlying Actions.

45.     As a result of Associated Indemnity's and American Insurance's breaches of the Insurance Policies, Connell has incurred substantial costs in connection with the Underlying Actions.

46.     By reason of the foregoing, Associated Indemnity and American Insurance are liable to Connell for damages, the exact amount to be proven at trial, including, but not limited to, all costs of defense, investigation and loss mitigation, damages for liability imposed upon Danly Machine/Connell, any and all settlements reached by Connell and/or

-11-

Danly Machine with plaintiffs in the Underlying Actions, and all other costs and payments with respect to the Underlying Actions, together with attorney's fees, costs and disbursements incurred by Connell in connection with prosecuting this action to recover under the Insurance Policies.

## FOURTH CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

47.     Connell repeats and realleges the allegations in paragraphs 1 through 46 as though fully set forth herein.

48.     Associated Indemnity and American Insurance has denied Connell's further claims for coverage under the Insurance Policies for the Underlying Actions taking the position that the limits of liability under the Insurance Policies are exhausted.

49.     Associated Indemnity and American Insurance's denial of Connell's claims for coverage under the Insurance Policies for the Underlying Actions lacks any reasonable basis.

50.     Associated Indemnity and American Insurance knew or was actually or implicitly aware of the lack of any reasonable basis to deny Connell's claims for coverage under the Insurance Policies for the Underlying Actions.

51.     Associated Indemnity and American Insurance acted with reckless and willful disregard as to the unreasonableness of its denial of Connell's claims for coverage under the Insurance Policies for the Underlying Actions.

NAI-1525492727v1

52.     Associated Indemnity and American Insurance breached their duty of good faith and fair dealing owed to Connell under the Insurance Policies by failing to provide further coverage to Connell for the Underlying Actions.

53.     Associated Indemnity and American Insurance's denial of Connell's claim for coverage under the Insurance Policies for the Underlying Actions constitutes bad faith.

54.     As a direct and proximate result of Associated Indemnity and American Insurance's bad faith denial of Connell's claim for coverage under the Insurance Policies for the Underlying Actions, Connell has suffered and continues to suffer damages, with the exact amount to be proven at trial.

<div align="center">

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF MASS. GEN. LAW CHAPTERS 93A AND 176D)**

</div>

55.     Connell repeats and realleges the allegations contained in paragraphs 1 through 54 as though fully set forth herein.

56.     The Massachusetts Unfair Methods of Competition and Deceptive Acts and Practices in the Business of Insurance Act, Mass. Gen. Laws chapter 176D, Sec. 1 *et seq.*, proscribes unfair and deceptive acts or practices in the business of insurance and provides, in pertinent part, that insurance companies must follow certain statutory requirements in their claims handling practices.

57.     Associated Indemnity and American Insurance have violated Mass. Gen Laws chapter 176D in a number of ways, including, among others:

-13-

a.  Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue under the Insurance Policies for the sole purpose of denying coverage for Connell's claim for coverage regarding the Underlying Actions;

b.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

c.  Willfully and in bad faith interpreting the Insurance Policies and the factual circumstances so as to resolve ambiguities and uncertainties in their own interests and against those of Connell;

d.  Compelling Connell to commence and prosecute this action to obtain the insurance coverage to which it is entitled under the Insurance Policies;

e.  Failing to promptly provide a reasonable explanation of the basis in the Underlying Policies in relation to the facts or applicable law for denial of Connell's continuing claims for coverage regarding the Underlying Actions; and

f.  Representing over many years that the Insurance Policies provided limits of liability totaling $8 million and then improperly reversing that decision and taking the position for the first time after twenty years that the Insurance Policies only provided limits of liability totaling $3 million.

58.    Associated Indemnity and American Insurance have engaged in the wrongful conduct enumerated above in connection with Connell's claims for coverage under the Insurance Policies for the Underlying Actions and, upon information and belief, the claims of additional policyholders other than Connell, with such frequency as to constitute a general business practice in violation of Mass. Gen. Laws chapter 93A and Mass. Gen. Laws chapter 176D.

59.     The Mass. Gen. Laws chapters 93A and chapter 176D provide that no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce, including the business of insurance.

60.     Moreover, Associated Indemnity and American Insurance's violations of Mass. Gen. Laws chapter 176D, by themselves, constitute a violation of Mass. Gen. Laws chapter 93A.

61.     The foregoing actions by Associated Indemnity and American Insurance are wrongful, intentional, willful, wanton, immoral, unethical, oppressive, unscrupulous and offend public policy.

62.     Connell suffered and will suffer a substantial and ascertainable loss of money as a consequence of the Associated Indemnity and American Insurance's unfair and/or deceptive actions, the exact amount to be proven at trial.

63.     Associated Indemnity and American Insurance acted in reckless disregard of Connell's rights, and with the intent to vex, injure, and annoy so as to constitute oppression, fraud and malice, thereby justifying multiple and exemplary damages sufficient to punish Associated Indemnity and American Insurance and to deter such conduct in the future.

WHEREFORE, Connell respectfully prays this Court for entry of a judgment and requests relief in its favor and against Associated Indemnity and American Insurance as follows:

-15-

a.      A declaration that the limits of liability under the Insurance Policies are not exhausted and that Associated Indemnity and American Insurance are obligated to continue defending Connell/Danly Machine under the respective Insurance Policies in connection with the Underlying Actions;

b.      A declaration that limits of liability under the Insurance Policies are not exhausted and that Associated Indemnity and American Insurance are obligated to continue indemnifying Connell/Danly Machine in connection with the Underlying Actions;

c.      For an award of compensatory damages in an amount to be determined at trial;

d.      For an order declaring that Associated Indemnity and American Insurance's conduct violates the Massachusetts Gen. Laws chapter 176D and Massachusetts Gen. Law chapter 93A;

e.      For an award of consequential damages in an amount to be determined at trial;

f.      For an award of multiple damages plus interest, costs and reasonable attorneys' fees, all pursuant to Mass. Gen Laws chapter 93A;

g.      For an award of Connell's attorneys' fees incurred in prosecuting this action as well as other reasonable costs and expenses;

h.      For an award of pre-judgment at the statutory rate of 12% per annum and post-judgment interest on all damages; and

      i.     For an award of any such other and further relief as the Court may

deem just and proper.

### JURY DEMAND

Connell demands a jury trial on all causes of action.

CONNELL LIMITED PARTNERSHIP

By its attorneys,

*/s/ Christopher M. Morrison*
Christopher M. Morrison
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110
(617) 449-6895

Edward M. Joyce
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3834

Dated:  January 19, 2022

NAI-1525492727v1

I HEREBY ATTEST AND CERTIFY ON

May 3, 2022 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAD COURT

BY:

First Asst. Clerk

NAI-1525492727v1

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S./ 22 - 0119 | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK   1/20/2022 |
|---|---|---|

| PLAINTIFF(S) Connell Limited Partnership | DEFENDANT(S) Associated Indemnity Corporation and The American Insurance Company |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number Christopher M. Morrison (BBO #651335) Jones Day 100 High Street Suite 2100 Boston, MA 02110 (617) 449-6895 | ATTORNEY (if known) |
|---|---|

Origin Code Original Complaint
**Original Complaint**

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? * _____
Insurance (BK1)_____ (B)☑Yes ☐No

# Jury trial demanded as to all claims so triable.

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This is an insurance coverage action based upon comprehensive general liability insurance policies purchased from Associated Indemnity and American Insurance by Danly Machine Corporation ("Danly Machine"), which provide coverage for all of Danly Machine's liabilities unless such liabilities are expressly and unambiguously excluded by the insurance policies.  Beginning in the early 2000s, Danly Machine, Connell and/or the Danly Machine Division of Connell have been named as a defendant in numerous lawsuits throughout the country (the   "Underlying Actions"). Plaintiffs in the Underlying Actions have alleged bodily injury resulting from exposure to asbestos allegedly manufactured, distributed or supplied by Danly Machine.

For nearly twenty years since 2001, Associated Indemnity and American Insurance Company were defending and indemnifying Connell under the applicable insurance policies with respect to the Underlying Actions. Throughout that time, Associated Indemnity and American Insurance Company repeatedly affirmed that the Underlying Actions were covered by eight separate insurance policy periods, and that the limits of liability of the applicable insurance policies have not been reached. In October 2020, Associated Indemnity and American Insurance suddenly changed their position and asserted for the first time that the limits of liability of the applicable insurance policies had been exhausted. Despite numerous demands from Connell to reconsider their erroneous position regarding exhaustion of the total limits of liability in the applicable insurance companies, Associated Indemnity and American Insurance have refused to fully defend and indemnify Connell under the applicable insurance policies with respect to the Underlying Actions going forward.

Associated Indemnity and American Insurance are placing their own financial interests above their contractual obligations and the interests of Connell/Danly Machine in breach of the applicable insurance policies and the statutory and common law of Massachusetts. Connell brings this action seeking a declaration that Associated Indemnity and American Insurance owe Connell defense and indemnity obligations with respect to the Underlying Actions and seeking damages as a result of Associated Indemnity and American Insurance's refusal to defend and indemnify Connell fully with respect to the Underlying Actions.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record   *Christopher M. Morrison*
DATE: 1/19/2022

I HEREBY ATTEST AND CERTIFY ON
<u>May 3, 2022</u> , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
First Asst. Clerk

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

**NOTIFY** 3

CIVIL DOCKET#: **2284CV00119-BLS1**

Case:   Connell Limited Partnership v. Associated Indemnity Corp. et al.

### <u>NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION</u>

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS1**.

<u>Hereafter, as shown above, all parties must include the initials "**BLS1**" at the end of the docket number on all filings.</u>

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel.  Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project).  Counsel may indicate their respective client's participation by completing, filing, and serving the attached form.  If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated:  January 20, 2022

*Notice Sent*
*01. 27. 22*

*CMM*
*JD*

*mo*

/s/ Kenneth W. Salinger
_____
Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

I HEREBY ATTEST AND CERTIFY ON
May 3, 2022 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:_____
First Asst. Clerk



| **Summons** | CIVIL DOCKET NO.<br><br>**2284CV00119-BLS1** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>CONNELL LIMITED PARTNERSHIP<br><br><div align="right">Plaintiff(s)</div><br>vs.<br><br>ASSOCIATED INDEMNITY CORPORATION<br>and THE AMERICAN INSURANCE COMPANY<br><div align="right">Defendant(s)</div> | Michael Joseph Donovan          Clerk of Courts<br>Suffolk                              County<br>COURT NAME & ADDRESS:<br>SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |
|---|---|

THIS SUMMONS IS DIRECTED TO  THE AMERICAN INSURANCE COMPANY  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the                                Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business,     Suffolk County Superior   Court
   3 Pemberton Square, Boston, MA 02108     (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
   Christopher M. Morrison, JONES DAY 100 High Street, 21ˢᵗ Fl., Boston, MA 02110

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont)  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

## 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

## 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Heidi E. Brieger_____ , Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate  *Michael Joseph Donovan*

Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

*March 30, 2022*

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

*By First Class Mail to the American Insurance Company c/o CT Corporation System at 155 Federal Street, Boston, MA 02110*

Dated: *3/30/2022*

Signature: *Stacy Siegan*

STACY SIEGAN

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

I HEREBY ATTEST AND CERTIFY ON

_May 3, 2022_____ . THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

RECEIVED

MAR 3 0 2022

DIVISION OF INSURANCE
LEGAL DIVISION

Date:

rev. 1/2019

5

| Summons | CIVIL DOCKET NO<br><br>**2284CV00119-BLS1** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

CASE NAME:

CONNELL LIMITED PARTNERSHIP

Plaintiff(s)

VS.

ASSOCIATED INDEMNITY CORPORATION
and THE AMERICAN INSURANCE COMPANY

Defendant(s)

Michael Joseph Donovan                    Clerk of Courts

Suffolk                    County

COURT NAME & ADDRESS:

SUPERIOR CIVIL COURT

SUFFOLK COUNTY COURTHOUSE

THREE PEMBERTON SQ. 12th Floor

BOSTON, MASSACHUSETTS  02108

THIS SUMMONS IS DIRECTED TO ___ASSOCIATED INDEMNITY CORPORATION___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the                    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,   Suffolk County Superior   Court
       3 Pemberton Square, Boston, MA 02108   (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
       Christopher M. Morrison, JONES DAY 100 High Street, 21st Fl., Boston, MA 02110

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5 Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger_____ , Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate  *Michael Joseph Donovan*
　　　　　　　　　 Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on *March 30, 2022*_____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

*By First Class Mail to Associated Indemnity Corporation c/o CT Corporation System 155 Federal Street, Boston, MA 02110*

Dated: 3/30/2022　　　　　　　　　　　 Signature: *Stacy Siegan*
　　　　　　　　　　　　　　　　　　　　　　　　　　 STACY SIEGAN

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

I HEREBY ATTEST AND CERTIFY ON
May 3, 2022_____ , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE.
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

RECEIVED
MAR 3 0 2022
DIVISION OF INSURANCE
LEGAL DIVISION

Date:

rev. 1/2019

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                      SUPERIOR COURT

CONNELL LIMITED PARTNERSHIP
*Plaintiff*

v.                                                               CIVIL ACTION NO.
                                                                 2284CV00119-BLS1
ASSOCIATED INDEMNITY CORPORATION
and THE AMERICAN INSURANCE COMPANY,
*Defendants*

## **STIPULATION OF THE PARTIES**

The parties hereby stipulate that: (1) Defendants Associated Indemnity Corporation and

The American Insurance Company shall have up to and including May 3, 2022 to answer or

otherwise respond to Plaintiff's Complaint; and (2) that by so stipulating, Defendants Associated

Indemnity Corporation and The American Insurance Company do not waive their rights to

challenge jurisdiction.  A proposed order is attached for the Court's convenience.

Respectfully submitted,

PLAINTIFF,

CONNELL LIMITED PARTNERSHIP

By its Attorneys,

/s/ Christopher Morrison
Christopher Morrison (BBO# 651335)
    cmorrison@jonesday.com
**JONES DAY**
100 High Street, 21st Floor
Boston, MA 02110
Telephone:  (617) 449-6895

Edward M. Joyce
    emjoyce@jonesday.com
**JONES DAY**
250 Versey Street
New York, NY 10281
Telephone:  (212) 326-3834

DEFENDANTS,

ASSOCIATED INDEMNITY CORPORATION
and THE AMERICAN INSURANCE
COMPANY

By its Attorneys,

/s/ Sean Kennedy
Keith P. Carroll (BBO # 666039)
    KPCarroll@mintz.com
Sean B. Kennedy (BBO #703560)
    SBKennedy@mintz.com
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Telephone:  (617) 542-6000

Paul W. Kalish
    PWKalish@mintz.com
Jacqueline R. Meyers
    JRMeyers@mintz.com
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**
Chrysler Center
666 Third Avenue
New York, NY 10017
Telephone:  (212) 935-3000

Dated:  April 15, 2022

I HEREBY ATTEST AND CERTIFY ON
May 3, 2022____ , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
First Asst. Clerk

## **ORDER**

Upon consideration of the attached stipulation it is hereby ORDERED that the stipulation be and is hereby ALLOWED.

_____
Honorable Justice of the Suffolk County Superior Court
Business Litigation Session 1

Dated: _____

## CERTIFICATE OF SERVICE

I, Sean B. Kennedy, hereby certify that on the above date, the foregoing document was served by causing a copy of the same to be upon counsel for the defendant via email and first class mail.

/s/ Sean Kennedy
Sean B. Kennedy



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                         SUPERIOR COURT

US Dist # 22-CV-10639

CIVIL ACTION NO.
2284CV00119-BLS1

CONNELL LIMITED PARTNERSHIP
*Plaintiff*

v.

ASSOCIATED INDEMNITY CORPORATION
and THE AMERICAN INSURANCE COMPANY,
*Defendants*

## NOTICE OF FILING NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE COURT:**

    **PLEASE TAKE NOTICE** that on April 28, 2022, Defendants Associated Indemnity

Corporation and The American Insurance Company filed a notice of removal regarding the

above-captioned action in the United States District Court for the District of Massachusetts.

    Pursuant to 28 U.S.C. § 1446(d), this action shall proceed no further in Superior

Court "unless and until the case is remanded."

    Attached hereto as **Exhibit A** is a copy of Defendants' Notice of Removal.

Respectfully submitted,

ASSOCIATED INDEMNITY
CORPORATION and THE
AMERICAN INSURANCE
COMPANY

By their Attorneys,

Keith P. Carroll (BBO # 666039)
 KPCarroll@mintz.com
Sean B. Kennedy (BBO # 703580)
 SBKennedy@mintz.com
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Telephone:  (617) 542-6000


Dated:  April 28, 2022

I HEREBY ATTEST AND CERTIFY ON
May 3, 2022 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
First Asst. Clerk

## CERTIFICATE OF SERVICE

I, Sean B. Kennedy, hereby certify that on the above date, the foregoing document was served by causing a copy of the same to be upon counsel for the defendant via email and first class mail.

_____
Sean B. Kennedy

E-FILED 4/29/2022

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

BL

| | |
|---|---|
| CONNELL LIMITED PARTNERSHIP<br>*Plaintiff*<br><br>v.<br><br>ASSOCIATED INDEMNITY CORPORATION<br>and THE AMERICAN INSURANCE COMPANY,<br>*Defendants* | CIVIL ACTION NO. _____ |

Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: _____

Date: __04/28/2022_____

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441(a–b), and 1446, Defendants Associated Indemnity Corporation and The American Insurance Company ("Defendants") hereby give notice of the removal of this action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, (the "Superior Court"), where it is currently pending, to the United States District Court for the District of Massachusetts. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties hereto and the amount in controversy exceeds $75,000. Thus, under 28 U.S.C. § 1441, Defendants may remove this Case to this Court.

As grounds for removal, Defendants state as follows:

<u>**BACKGROUND AND GENERAL REQUIREMENTS**</u>

1.      On January 19, 2022, Plaintiff Connell Limited Partnership ("Plaintiff") filed a civil action in the Superior Court entitled *Connell Limited Partnership v. Associated Indemnity*

*Corporation and The American Insurance Company*, No. 2284CV00119-BLS1 (Suffolk Super.

Ct.) (the "State Court Action").

2.      Removal of the State Court Action to this Court is governed by 28 U.S.C. § 1441,

which provides that "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant or the defendants, to

the district court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1441(a).

3.      **Copies of Process/Pleadings**:  Pursuant to 28 U.S.C. § 1446(a), copies of all

process and pleadings received by Defendants, including the Complaint (the "Complaint"), are

attached hereto as **Exhibit A**.

4.      **Venue**:  Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the

United States District Court for the District of Massachusetts because the Superior Court, where

the State Court Action is pending, is located in the District of Massachusetts.

5.      **Timeliness**:   On March 30, 2022, Defendants were served a copy of the

Complaint.  Thus, under 28 U.S.C. § 1446(b), Defendants timely filed this Notice of Removal

within 30 days of service of the initial pleading setting forth the claim for relief on which the

State Court Action is based. *See also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344,

347 (1999).

6.      **Notification to State Court and Adverse Parties**:  Under 28 U.S.C. § 1446(d),

promptly after the filing of this Notice of Removal, Defendants will provide written notice of the

Notice of Removal to Plaintiff and file a copy of the Notice of Removal with the Clerk of the

Superior Court.

7.    **Certified Copies**:   Under Local Rule 81.1, certified or attested-to copies of all records and proceedings, as well as all docket entries in the State Court Action, will be filed within twenty-eight (28) days after filing this notice.

8.    **Reservation of Rights**: By filing this Notice of Removal, Defendants do not waive any defenses and/or objections and specifically reserve the right to assert any and all defenses and/or objections to which it may be entitled.

### GROUNDS FOR REMOVAL

9.    Under 28 U.S.C. § 1332, this Court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

10.    The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met at the time of removal. *See In re Fresenius Granuflo/Naturalyte Dialysate Products Liab. Litig.*, 76 F. Supp. 3d 321, 326–27 (D. Mass. 2015) ("As the removing parties, Defendants bear the burden of establishing federal jurisdiction."). The party seeking removal meets this burden by supporting its allegations of jurisdiction with "competent proof," *i.e.*, "proof to a reasonable probability that jurisdiction exists." *Aponte v. Tabares,* 114 F.3d 1169 (Table), 1997 WL 235473, at * 1 (1st Cir. May 8, 1997).

11.    Removal is proper because this Court has jurisdiction over this action under 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy). *See* 28 U.S.C. § 1441.

12.    Plaintiff is a limited partnership created and existing under Delaware law, but with a principal place of business in Boston, Massachusetts. *See* Compl. ¶ 10.

- 3 -

13.     Defendant Associated Indemnity Corporation is organized under California law and has a principal place of business in Chicago, Illinois.

14.     Defendant The American Insurance Company is organized under Ohio law and has a principal place of business in Chicago, Illinois.

15.     Thus, under 28 U.S.C. § 1332(a), complete diversity of citizenship exists between the parties, as Plaintiff and Defendants are not citizens of the same state.

16.     "A party seeking to invoke federal jurisdiction, including a removing defendant, bears the burden of proving that the amount in controversy meets the jurisdictional minimum." *Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 285 (D. Mass. 2011). "Defendants can satisfy their burden by relying on the face of the complaint in the underlying case, by alleging facts in its notice of removal to support its amount in controversy allegation, or by submitting summary judgment type evidence." *Composite Co. v. American Int'l Group, Inc.*, 988 F. Supp. 2d 61, 74 (D. Mass. 2013) (cleaned up).

17.     This action satisfies the amount in controversy requirement in § 1332(a), as it exceeds $75,000, exclusive of interest and costs.   The Complaint alleges a $5 million disagreement between the parties as to the total limit of liability for the Underlying Actions (as defined in the Complaint).   Compl. ¶¶ 2, 25.   Thus, the amount in controversy is at least $5 million.

18.     Though Defendants concede no liability on Plaintiff claims, Plaintiff's Complaint places in controversy a sum greater than $75,000 and thereby satisfies the amount in controversy requirement for diversity actions set forth in 28 U.S.C. § 1332(a).

- 4 -

## CONCLUSION

19.     Defendant may remove the State Court Action to this Court under 28 U.S.C. §

1441, as it is a civil action between citizens of different states, and the amount in controversy

exceeds $75,000, exclusive of interests and costs.

**WHEREFORE**, Defendant hereby removes the State Court Action to this Court.  If any

questions arise to the proprietary of the removal of the State Court Action, Defendant requests

the opportunity to present additional evidence, a brief, and/or oral argument.

<div style="margin-left:45%">

Respectfully submitted,

ASSOCIATED INDEMNITY
CORPORATION and THE AMERICAN
INSURANCE COMPANY

By its attorneys:

</div>

DATED:  April 28, 2022

<div style="margin-left:45%">

/s/ Sean Kennedy
Keith P. Carroll (BBO # 666039)
   KPCarroll@mintz.com
Sean B. Kennedy (BBO #703560)
   SBKennedy@mintz.com
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Telephone:  (617) 542-6000

Paul W. Kalish
   PWKalish@mintz.com
Jacqueline R. Meyers
   JRMeyers@mintz.com
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**
Chrysler Center
666 Third Avenue
New York, NY 10017
Telephone:  (212) 935-3000

</div>

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above-noted date.  I further certify that this document will be served on all counsel of record by email and first class mail.

<div style="text-align:center">

/s/ Sean Kennedy
Sean B. Kennedy

</div>